UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60556
Summary Calendar
_____


ROBERT F. WILKINS,

                              Petitioner,

                    versus

INGALLS SHIPBUILDING, INC.; DIRECTOR,
OFFICE OF WORKER'S COMPENSATION PROGRAMS,
U.S. DEPARTMENT OF LABOR,

                              Respondents.

_____

Petition for Review of an Order of the Benefits Review Board
                    (93-1044)
_____
                 July 18, 1997
Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

      Robert F. Wilkins (Wilkins) petitions for review of a decision

of the Benefits Review Board affirming an order by an

administrative law judge (ALJ) denying additional benefits.  We

affirm.

      Wilkins contends that the ALJ erred in finding that Wilkins

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not sustain an injury to his back while working on the job for Ingalls Shipbuilding, Inc.  We review the Board's decisions for errors of law and apply the substantial evidence standard that governs factual findings made by the ALJ.  Darby v. Ingalls Shipbuilding, Inc., 99 F.3d 685, 688 (5th Cir. 1996).  We therefore must affirm decisions of the Board that correctly determine "that the ALJ's findings are supported by substantial evidence and are in accordance with the law."  Id.

The record reveals that the Board properly concluded that the ALJ's factual finding that the back injury did not occur on the job was supported by substantial evidence.  At best, the evidence reflects a credibility conflict that was best left to the factfinder, the ALJ, to resolve.  Darby, 99 F.3d at 688-89.

AFFIRMED.